IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEANENE JACKSON, | ) | CASE NO. 1:10 CV 4 |
| Plaintiff, | ) ) ) | MAGISTRATE JUDGE |
| v. | ) ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Jeanene Jackson, for disability insurance benefits and supplemental security income. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge (ALJ), whose decision became the final decision of the Commissioner, found that Jackson had severe impairments consisting of ulcerative colitis and Type 2 diabetes mellitus.[1] The ALJ made the following finding regarding Jackson's residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that the claimant has the exertional residual functional capacity to lift up to 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk six hours out of an eight-hour day and sit six hours out of an eight-hour day. She can also push or pull 20 pounds occasionally and 10 pounds frequently. From the nonexertional standpoint, the claimant can occasionally climb ramps and stairs

---

[1] Transcript ("Tr.") at 21.

>but never climb ladders, ropes or scaffolds. She can frequently stoop. Moreover, claimant will require two more restroom breaks during a workday in addition to regularly scheduled morning, lunch and afternoon breaks. She is unable to perform work around dangerous machinery and or unprotected heights.[2]

Given the above-quoted residual functional capacity finding, the ALJ determined that Jackson could perform her past relevant work as a file clerk.[3] He, therefore, found Jackson not under a disability.[4]

Jackson asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, she complains that the ALJ erred by failing to recognize at step two of the sequential evaluation process any mental impairments. Further, she argues that the residual functional capacity finding lacks the support of substantial evidence because the ALJ did not comply with the requirements of the treating source rule with respect to the evaluation of Jeffrey Katz, M.D., her treating gastroenterologist.

I conclude that the ALJ did not commit reversible error by failing to recognize mental impairments as severe at step two and that the residual functional capacity finding has the support of substantial evidence. The Commissioner's decision to deny Jackson's applications, therefore, must be affirmed.

---

[2] *Id.* at 26.

[3] *Id.* at 30.

[4] *Id.* at 31.

## Analysis

**1.     Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[5]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[6] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[7]

---

[5] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[6] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[7] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**2.    The ALJ's residual functional capacity finding has the support of substantial evidence.**

This case presents a single dispositive issue.  Does the ALJ's residual functional capacity (RFC) finding have the support of substantial evidence?  Although Jackson argues that the ALJ erred at step two of the sequential evaluation process by failing to recognize any mental impairments, under the law of the Sixth Circuit as stated in *Maziarz v. Secretary of Health and Human Services*,[8] the failure to recognize an impairment at step two does not constitute reversible error if the ALJ properly identifies all work-related limitations in the RFC finding.

When asked at oral argument about limitations caused by Jackson's mental impairments, counsel identified the need for more bathroom breaks, the need to lie during the workday, the need to be absent from work because of flare ups of colitis, and being off task as much as 20% of the day.  These limitations relate to Jackson's gastrointestinal impairment rather than any mental impairment.

---

[8] *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 247 (6th Cir. 1987).

Jackson bases her argument on an RFC evaluation done by Jeffrey Katz, M.D., a gastroenterologist.[9] Although Dr. Katz treated Jackson from time to time in 2003, 2004, and 2005,[10] his RFC opinion is dated September of 2007.[11]

The ALJ assigned Dr. Katz's opinion "little probative weight."[12] In giving reasons for the weight assigned, the ALJ states "[i]t is not supported by objective clinical signs, findings, and subjective factory [sic] evidence independently provided by Dr. Katz as previously noted by the undersigned of [sic] by other evidence contained elsewhere in the record."[13]

Generally, under Sixth Circuit case law, such a general articulation of reasons will not satisfy the requirements of the treating source rule.[14] Here, however, the ALJ in his discussion of the residual functional capacity finding gives a rather detailed recital of the medical evidence, including the records of other treating physicians, clinical tests, and hospitalizations.[15] The medical evidence in the record does not extend beyond 2006. The record contains, therefore, no medical evidence contemporaneous with the opinion given by

---

[9] Tr. at 340-43.

[10] *Id.* at 187-88, 207-08, and 307-08.

[11] *Id.* at 343.

[12] *Id.* at 29.

[13] *Id.*

[14] *E.g.*, *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010).

[15] Tr. at 27-29.

Dr. Katz in 2007.  If medical evidence existed regarding Jackson's course of treatment and her physician's diagnosis of her impairment and its severity in the time frame of Dr. Katz's opinion, Jackson had the burden to present it.[16]

Further, the ALJ notes that Dr. Katz's limitations are inconsistent with her report of daily activities to Herschel Pickholtz, Ph.D., a consulting examining psychologist,[17] given within several months of Dr. Katz's evaluation.  The level of activity as reported to Dr. Pickholtz is substantial.[18]  Counsel for Jackson argues that this report reflects Jackson's good days but that she has bad days as well.  Nevertheless, under the substantial evidence standard, a reasonable mind could conclude that this evidence supports the ALJ's decision to discount Dr. Katz's opinion.

Counsel for the Commissioner makes the argument that Dr. Katz should not be considered a treating source because the record does not support a finding that he had a treating relationship with Jackson at the time of his opinion in 2007.  I need not resolve this issue because the ALJ recognized him as Jackson's "current treating source" in his decision.[19]  Nevertheless, having so designated him, the ALJ proceeded to assign weight to his opinion and articulate reasons for the weight assigned.  As indicated above, substantial evidence supports the reasons given by the ALJ for the weight assigned.

---

[16] *Baker v. Barnhart*, 182 F. App'x 497, 499 (6th Cir. 2006).

[17] Tr. at 333.

[18] *Id.*

[19] *Id.* at 28.

## Conclusion

Based on the foregoing, the decision of the Commissioner to deny Jackson's applications for disability insurance benefits and supplemental security income is affirmed.

IT IS SO ORDERED.


Dated:  November 18, 2011                                s/ William H. Baughman, Jr.
                                                         United States Magistrate Judge